NATIONAL SEMICONDUCTOR CORPORATION AND CONSOLIDATED SUBSIDIARIES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
National Semiconductor Corp. v. Commissioner
Docket No. 4754-89
United States Tax Court
T.C. Memo 1991-81; 1991 Tax Ct. Memo LEXIS 99; 61 T.C.M. (CCH) 2005; T.C.M. (RIA) 91081; February 28, 1991, Filed *99 Joel V. Williamson, for the petitioner. William E. Bonano, Christopher J. Croudace for the respondent. SCOTT, Judge. SCOTT MEMORANDUM OPINION Respondent determined deficiencies in petitioner's income tax for its fiscal years ending May 31, 1978 and 1979, in the amounts of $ 8,512,509.00 and $ 15,169,209.00, respectively. At the time of the filing of the petition, petitioner's principal office was in Santa Clara, California. The Federal tax returns for the years here involved were filed with the Internal Revenue Service, Fresno, California. On January 17, 1990, pursuant to leave granted, respondent filed First Amendment to Answer in which he alleged that the non-arm's-length transactions referred to in the notice of deficiency explanation paragraph with respect to the section 482, Internal Revenue Code of 1954, adjustments are being further developed and clarified. In the following paragraphs respondent alleges that petitioner's Asian subsidiaries did not pay arm's-length consideration to petitioner for manufacturing intangibles, for marketing intangibles, for technical know-how, for process intangibles, for significant developmental and process assistance services provided by petitioner, *100 and for managerial and administrative services provided by petitioner's officers and employees. Respondent claimed no increased deficiency in this First Amendment to Answer and made no claim that the amounts of adjustments in the notice of deficiency should be increased. On October 26, 1990, petitioner filed a motion to place burden of proof on respondent for "new matters" raised in respondent's first amendment to answer. In its motion, petitioner alleged that in the notice of deficiency respondent determined the section 482 reallocation solely on a consignment theory, but in his first amendment to answer asserted three new theories in support of his section 482 reallocations, namely (1) that petitioner transferred property to its Asian subsidiaries at less than arm's-length prices; (2) that petitioner transferred intangibles to its Asian subsidiaries without payment of arm's-length consideration; and (3) that petitioner performed services for its Asian subsidiaries without payment of arm's-length consideration. Petitioner in its motion alleges that these new theories asserted by respondent constitute "new matters" under Rule 142(a), Tax Court Rules of Practice and Procedure, *101 and therefore the burden of proof with respect to these matters should be placed on respondent. The record in this case shows that the entire explanation of the section 482 adjustments made in the notice of deficiency is as follows: You engaged in transactions with your wholly owned foreign subsidiaries, relating to semiconductors, which were not at arms-length terms. Under section 482 of the Internal Revenue Code, additional gross income of $ 15,216,000.00 and $ 25,124,000.00 is allocated to you for the fiscal years 1978 and 1979, respectively.
Clearly this explanation is very broad. It merely assigns as a reason for the adjustments that the transactions were not at arm's length. It is respondent's position that his allegations in his First Amendment to Answer are merely assertions of new theories in clarification of the determination made in the notice of deficiency, which are not inconsistent with the original determination, and respondent does not claim an increased deficiency. Respondent states he has pled no "new matters" within the meaning of Rule 142(a). In Estate of Jayne v. Commissioner, 61 T.C. 744, 748-749 (1974), we stated: This *102 Court has held that a new position taken by respondent is not necessarily a "new matter," especially when it merely clarifies or develops the original determination without being inconsistent or increasing the amount of deficiency. Rozelle McSpadden, 50 T.C. 478, 492-493 (1968). The arguments raised in respondent's amended answer involve the same Code section, are consistent with his original determination, and do not affect the amount of the deficiency. Respondent's amended answer merely questions some of the elemental facts that petitioner must prove under section 1033. Petitioner retains the burden of proof.
Respondent states that we have held in numerous cases that where the determination in the deficiency notice is sufficiently broad to encompass a new theory pled in the answer or amendment to answer, the allegations are not new matters if there is no increase in the deficiency claimed. In Sorin v. Commissioner, 29 T.C. 959, 969 (1958), affd. per curiam 271 F.2d 741 (2d Cir. 1959), we stated: But when the determination is made in indefinite and general terms, and is not inconsistent with some position necessarily *103 implicit in the determination itself, the situation is quite different. "The petitioner may not, without an expressly pleaded admission or stipulation, treat the notice as an official acquiescence by the Commissioner in all petitioner's propositions as to this item except those expressly determined adversely to him." [Citations omitted.]
The Ninth Circuit in Abatti v. Commissioner, 644 F.2d 1385, 1390 (9th Cir. 1981), reversing a Memorandum Opinion of this Court, stated: In fact, if a deficiency notice is broadly worded and the Commissioner later advances a theory not inconsistent with that language, the theory does not constitute new matter, and the burden of proof remains with the taxpayer.
Respondent contends that under the holding of the Ninth Circuit in Abatti v. Commissioner, supra, to which Circuit an appeal in this case would lie, his first amendment to answer does not plead "new matters" and the burden remains on petitioner. Petitioner argues that Achiro v. Commissioner, 77 T.C. 881, 890 (1981), explains the holding in Abatti v. Commissioner, supra, as applied in this Court. *104 Petitioner relies on the statement in Achiro v. Commissioner that: The assertion of a new theory which merely clarifies or develops the original determination without being inconsistent or increasing the amount of the deficiency, is not a new matter requiring the shifting of burden of proof. However, if the assertion in the amended answer either alters the original deficiency or requires the presentation of different evidence, then respondent has introduced a new matter. * * * [Citations omitted.]
Petitioner contends that although respondent's allegations in the amendment to answer do not alter the original deficiency, they do require the presentation of different evidence. We need not here decide whether the statement in Achiro v. Commissioner, supra, with respect to "presentation of different evidence" should be interpreted as a requirement different from the requirement stated in Abatti v. Commissioner, supra. We conclude that the allegations in respondent's amendment to answer do not require the presentation of "different evidence" from the determination in the notice of deficiency as the term "different evidence" is used *105 in Achiro v. Commissioner, supra. Petitioner in its petition alleged with respect to the section 482 issue that respondent's notice of deficiency is overly broad and contains no schedules, no explanation as to which of petitioner's foreign subsidiaries were involved, no statement of which of petitioner's transactions are involved, and no statement of the computation by which respondent arrived at the allocations. Petitioner alleged that respondent had not supplied it with schedules or computations of how the amounts were arrived at during the audit of petitioner's 1978 and 1979 years, that the investigating agent did not propose allocations under section 482 as a principal position, and that the proposed allocations by the agent were in different amounts from those in the notice of deficiency. Petitioner alleged that its transactions with its foreign subsidiaries in the years 1978 and 1979 were conducted on an arm's-length basis and in conformity with section 482, that petitioner did not have sufficient information to identify the transactions or subsidiaries referred to by respondent in the notice of deficiency, and that respondent's proposed allocations were *106 not set forth with sufficient specificity in the notice of deficiency to adequately notify petitioner with regard to the legal basis of respondent's proposed allocations. Respondent in his answer attached a schedule in which he listed the subsidiaries involved and the amounts allocated from each particular subsidiary to petitioner. Later at petitioner's request respondent furnished petitioner with a schedule indicating the basis of the computation of the amounts set forth in the notice of deficiency. It was from this schedule that petitioner concluded that respondent's determination was based on a consignment theory and not on a sales theory since the amounts were determined by allowing as a reasonable profit for the subsidiaries a markup on their costs with respect to the products manufactured. In fact, in various requests for admissions, petitioner attempted without success to have respondent admit that the computations of the amounts allocated to petitioner in the notice of deficiency were on a consignment basis. Respondent insisted that it did not matter to his determination whether it was a consignment or sales theory. Petitioner on page 14 of its memorandum filed November *107 7, 1989, with respect to matters to be raised at a formal pre-trial hearing to be held on November 14, 1989, specifically stated that "the Section 482 Adjustments do not reallocate income to Petitioner because of direct or indirect transfers of intangible assets by Petitioner or Petitioner's foreign subsidiaries to the Asian subsidiaries. Similarly the Section 482 Adjustments do not reallocate income to Petitioner based upon increase fees for technical assistance, marketing or other services provided to the Asian subsidiaries." (Fn. refs. omitted.) At the hearing on November 14, 1989, counsel for respondent argued that these aspects of a non-arm's-length transaction were included in the income allocations made in the notice of deficiency, but agreed to amend his answer to specifically allege his position with respect to intangibles. Respondent contended at that hearing, as he does now, that this amendment was merely a further explanation of the adjustments made in the notice of deficiency and not new matters with respect to which he would bear the burden. In the order issued after the formal pre-trial hearing the Court directed respondent to amend his answer as agreed at the pre-trial *108 hearing. Considering the entire record in this case including responses to requests for admissions by each party, the arguments made in the various memoranda filed in connection with the formal pre-trial hearing held November 14, 1989, and the memoranda filed in connection with petitioner's motion as to the burden of proof, we conclude that under the determination in the notice of deficiency, petitioner has the burden of showing that its transactions with its subsidiaries were at arm's length, which would include a showing that various intangibles, know-how, and services were not furnished by petitioner to the subsidiaries without adequate charge or consideration. We therefore conclude that respondent's amendment does not require new evidence not required by the determination made in the notice of deficiency. Since respondent has not raised "new matters" in his first amendment to answer within the meaning of Rule 142(a), petitioner's motion to place burden of proof on respondent will be denied. An appropriate order will be issued.